IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KIMBERLY DANIELS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-2803** |
| | : | |
| **MONTGOMERY COUNTY HOUSING** | : | |
| **AUTHORITY, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this 1st day of September 2026, upon consideration of Plaintiff Kimberly Daniels's Motions to Proceed *In Forma Pauperis* (ECF Nos. 7, 8, 12), Amended Complaint (ECF No. 13), and Motion Filed Under Seal (ECF No. 15), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* (ECF No. 12) is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The remaining Motions to Proceed *In Forma Pauperis* (ECF Nos. 7, 8) are **DENIED as moot.**

3. Daniels's Motion Filed Under Seal (ECF No. 15) is **GRANTED in part and DENIED in part.**[1]

[1] Daniels prematurely requests to seal exhibits that she has not yet filed and seeks a blanket request for documents to be placed under seal at her leisure in the future. Pursuant to this Court's Local Rule 5.1.3., "[a]s documents in civil cases are publicly viewable (unless filed under seal), personal identifiers such as Social Security numbers, dates of birth, financial account numbers and names of minor children must be modified or partially redacted in all documents filed electronically or in paper." To the extent Daniels files documents containing such information, she may request to seal those documents at the time they are filed. Daniels is reminded that sealed documents cannot be submitted through the EDS filing System and must be sent in a PDF to the ECF Documents email address at: ECF_Documents@paed.uscourts.gov

Daniels also requests her mailing address be removed from the public docket and sealed in documents. Because she can file and view documents in this case as an EDS filer and has consented to receive documents from the Court electronically instead of the documents being sent to her mailing address, the Court grants this request. Daniels is reminded that she will <u>only</u>

4. The Clerk of Court is **DIRECTED** to **REMOVE** Daniels's mailing address from the public docket.

5. The Clerk of Court is **FURTHER DIRECTED** to **SEAL** Daniels's initial Complaint (ECF No. 2), which contains her mailing address.

6. The Amended Complaint is **DEEMED** filed.

7. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

8. Daniel's requests for a temporary restraining order and injunctive relief are **DENIED**.

9. The Clerk of Court is **DIRECTED** to **TERMINATE** Montgomery County Housing Authority, Lynda Haley, and Jennifer Saldutti as defendants.

10. The Clerk of Court is **DIRECT** to **STRIKE** the summons notice (ECF No. 14) from the record as unauthorized.

11. Daniels may file a second amended complaint within thirty (30) days of the date of this Order. Any second amended complaint must identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint and shall state the basis for Daniels's claims against each defendant. The second amended complaint shall be a complete document that **does not rely** on the initial Complaint, Amended Complaint, or other papers filed in this case to state a claim. When drafting her second amended complaint, Daniels should be mindful of the Court's reasons for dismissing the

receive notice of Court-related documents at her email address provided, and it is her responsibility to ensure that is a reliable means of communication. Daniels should also refrain from placing her mailing address on documents she may file in the future and redact her address if the filing is necessary to this action.

claims in her Amended Complaint as explained in the Court's Memorandum. Daniels **shall not** allege any claims on behalf of others.

12. Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

13. The Clerk of Court is **DIRECTED** to send Daniels a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Daniels may use this form to file her second amended complaint if she chooses to do so.

14. If Daniels does not wish to file a second amended complaint and instead intends to stand on her Amended Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, [s]he may file an appropriate notice with the district court asserting h[er] intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

15. If Daniels fails to file any response to this Order, the Court will conclude that Daniels intends to stand on her Amended Complaint and will issue a final order dismissing this

case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing her to take action to cure a defective complaint).

**BY THE COURT:**

**MARY KAY COSTELLO, J.**

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her amended complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See, e.g., Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that [s]he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).